UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
WAYNE PRAY, :
                  Petitioner, :
:
    -v- :
:
:
WARDEN BILLINGSLEY, :
                  Respondent. :
:
------------------------------------------------------------- :
                                               X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: SEP 0 6 2012

12 Civ. 00123 (AJN)

<u>ORDER</u>

ALISON J. NATHAN, District Judge:

      Petitioner Wayne Pray, *pro se*, has filed with this Court a petition for a writ of habeas corpus, styled as a petition under 28 U.S.C. § 2241. Pray was convicted and sentenced in the United States District Court for the District of New Jersey on Counts 1, 2, 4, 5, 6, and 7 of a ten count indictment (Powell Decl. Exs. A, B), and is currently incarcerated in a facility in Otisville, New York. As relevant to this petition, Pray was sentenced to life terms of imprisonment on Counts 1, 2, and 7, which charged him with conspiracy and engaging in a continuing criminal enterprise in the importation, possession, and distribution of large quantities of controlled substances in the mid-1980s . (Powell Decl. Exs. A, B).

      Pray now seeks post-conviction relief, arguing that "[t]he time frame in which each of these conspiracies occurred . . . straddles the effective date of the Sentencing Reform Act's no parole provision and [a version of that statute] which does not [contain such a provision]." (Pet. at 2). He argues that "the exact date [on which] the crimes [were] commi[tted] marks [a] stark line of demarcation between a parolable life sentence and a life sentence served without the possibility of parole." (Opp. at 6 (quotation marks omitted)). From this premise, he raises

various arguments that he should be subject to a life term with the possibility of parole, rather than without the possibility of parole (Pet. at 11-16) and that his sentence should be vacated (Pet. at 17-21). Because Pray has not presented his petition to the proper court, the Court need not reach the merits of his claims.[1]

Habeas petitions presented under § 2241 "generally challenge[] the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001); *see also Roccisano v. Menifee*, 293 F.3d 51, 57 (2d Cir. 2002). Such petitions must be submitted in the district of the petitioner's confinement. *Santulli v. United States*, No. 08-cv-8644, 2003 WL 21488084, at *3 (S.D.N.Y. June 25, 2003). Where a petitioner seeks to challenge the legality of the imposition of a sentence—as Pray does here—the proper vehicle is a petition under 28 U.S.C. § 2255, which must be brought before the sentencing court.[2] *See* 28 U.S.C. § 2255(a); *Cephas v. Nash*, 328 F.3d 98, 103 (2d Cir. 2003); *Roccisano*, 293 F.3d at 57; *see also Newsome v. Nalley*, No. 04-4248, 128 Fed. Appx. 815, 816 (2d Cir. 2005) (unpublished) ("The district court properly concluded that it lacked jurisdiction to entertain the petition because Newsome was not challenging the execution of his sentence."); *Foley v. Martinez*, No. 11-cv-136, 2011 U.S. Dist. LEXIS 138788, at *4 (D. Vt. Dec. 1, 2011); *Mack v. United States*, No. 10-cv-688, 2010 U.S. Dist. LEXIS 80923, at *5-6 (D. Conn. Aug. 9, 2010).

---

[1] Pray has also filed two apparently identical motions to supplement or amend his petition, neither of which changes the Court's analysis on this point. (D.E. 12, 14). Because Pray has presented his petition to the wrong Court, the Clerk is directed to close these docket entries.

[2] Respondent concedes that "[a] court may hear a Section 2241 challenge only where Section 2255 is inapplicable because the original judgment and sentence are not being attacked, or in the extremely limited circumstances where Section 2255 is deemed to be 'inadequate or ineffective'." (Opp. at 5 (quoting 28 U.S.C. § 2255(e)); *see also Jiminian v. Nash*, 245 F.3d at 147. A procedural bar to filing a petition does not generally render § 2255 inadequate or ineffective. *See id.*

As such, the Court dismisses Pray's petition due to lack of jurisdiction. *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003) ("Indeed, if it concludes that it lacks jurisdiction over a § 2241 petition, a district court always has the option just to dismiss it.").

SO ORDERED.

Dated: September 6, 2012
New York, New York

_____
ALISON J. NATHAN
United States District Judge

COPIES MAILED
TO ~~COUNSEL~~ OF RECORD ON SEP 0 6 2012
Pro Se Party